In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Bounded by Avenue X and Other Streets, as a Duly Selected Site for the ·Shorefront High School, in the Borough of Brooklyn. EDYTHE RUDNICK et al., Respondents.—

No opinion. Rabin, P. J., Martuscello, ·Shapiro and Gulotta, JJ., concur; Munder, J., dissents and votes to reverse the decree and to remand the proceeding to Special Term for new findings in accordance with the views set forth in his following memorandum: The prior, or fifth final, decree herein was reversed by the Court of Appeals for a failure of proof of the reasonable probability that a Mitchell-Lama subsidy would have been granted in respect to the land here taken by condemnation. The Court of Appeals remanded the matter to Special Term for new findings in accordance with its opinion (*Matter of City of New York* [*Shorefront High School— Rudnick*], 25 N Y 2d 146). Five months later that court, on motion of appellant, the City of New York, amended its remittitur to read (26 N Y 2d 748): "Order reversed, with costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein for the purpose of determining land value upon *the record now before it*" (Italics added). On remand, instead of making new findings on the record as it existed, Special Term took additional proof over the objection of the city. Throughout the hearing the city, rightfully, I think, refused to participate either by cross-examination[*] or by adducing other evidence. Upon the record, bolstered by the unchallenged proof, Special Term found that the claimants had sufficiently established a "reasonable probability that a Mitchell-Lama subsidy could have ·obtained to develop the subject property". The court then fixed the compensation in the same amount, namely, $976,799, as had been originally awarded. It is my view that the mandate of the Court of Appeals for new findings "upon the record now before it" precluded the taking or consideration of any additional proof. Special Term, as indicated by the opinion of the Court of Appeals, should have rejected the claim of increased value arising from Mitchell-Lama considerations and should have based the award upon any other competent proof of value contained in the record which had been reviewed by the Court of Appeals.

---

, [*] Except for one innocuous inquiry unrelated to the merits.